# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRANKIE MAE GRANT,**

          Plaintiff,

   -vs-                                              **Case No. 07-C-734**

**MICHAEL J. ASTRUE**
**Commissioner of Social Security,**

          Defendant.

# DECISION AND ORDER

The plaintiff, Frankie Mae Grant ("Grant"), a 47 year female, appeals the denial of her application for supplemental security income benefits ("SSI") under the Social Security Act. Grant has a cognitive disability and also suffers from bilateral knee and back conditions. The Administrative Law Judge ("ALJ") found that Grant did not meet or equal the listing for mental retardation. The ALJ also found that Grant retained the residual functional capacity ("RFC") to perform a significant number of jobs in the economy.

Section 205(g) of the Social Security Act limits the scope of judicial review of the Commissioner's final determination, and provides that the findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). A court may reverse the Commissioner when

the ALJ's decision is not supported by substantial evidence or is based on legal error. *See Eads v. Secretary of Dep't of Health and Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).

To ascertain whether a claimant is disabled, the Commissioner of Social Security uses a five-step sequential analysis. At step three, if the impairment meets or equals a listed impairment, the claimant qualifies for benefits and no further inquiry is necessary. 20 C.F.R. §§ 404.1520(d), 416.920(d). At step four, the Commissioner assesses whether the claimant's RFC will allow the claimant to perform her past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At step five, the claimant's RFC, age, education and work experience are considered to determine if other work exists that would accommodate the claimant. 20 CFR §§ 404.1520(f), 416.920(f).

The relevant listing in this case is Listing 12.05(C), which provides that a person is mentally retarded if she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period . . ." 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.05(C). The claimant must also meet one of four additional requirements (A-D). As relevant here, the claimant must document a valid verbal, performance or full scale I.Q. score of 60 to 70 (parts C and D). Ultimately, a claimant who asserts that he meets the requirements of any subcategory of Listing 12.05 must present evidence of a low IQ score *and* deficits in adaptive functioning. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

The ALJ found that Grant did not meet the listing because all of the medical sources diagnosed "borderline intellectual functioning" rather than mental retardation. Tr. 12. A

diagnosis of borderline intellectual functioning, as opposed to mental retardation, supports a conclusion that the claimant does not meet Listing 12.05(C). *See, e.g., Cooper v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 450, 452 (6th Cir. 2007) ("It is undisputed that no psychologist has diagnosed Cooper with mental retardation. The examiner and clinical psychologist who tested him diagnosed him instead as borderline intellectual functioning"); *Adkins v. Astrue*, 226 Fed. Appx. 600, 605 (7th Cir. 2007) ("Significantly, Dr. Spencer refrained from making a diagnosis of mental retardation"). The ALJ also noted that Grant's more recent I.Q. tests do not meet the applicable score requirements. Tr. 12. Finally, the ALJ noted that Grant was able to maintain gainful employment in the past, raise her children and help them with their homework, and manage her finances. Tr. 20. Accordingly, there is substantial evidence in the record to demonstrate that Grant does not meet the requirements of Listing 12.05(C).

Grant also argues that the ALJ failed to give controlling weight to various treating source opinions. SSR 96-2p. However, treating source opinions are only entitled to deference if they are well-supported and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). Grant's argument amounts to nothing more than her disagreement with how the ALJ weighed the medical evidence of record in the instant case. This Court "is not allowed to substitute its judgment for the ALJ's by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). All that matters is that the ALJ's RFC findings are supported by substantial evidence in the record.

-3-

Case 2:07-cv-00734-RTR    Filed 03/18/08    Page 3 of 4    Document 14

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Grant's appeal is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 18th day of March 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**